UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| JAY MARSH, | No. C 11-03734 LB |
| Plaintiffs, | ORDER REGARDING SCHEDULING |
| v. | |
| JANET NAPOLITANO, Secretary, | [ECF Nos. 29, 34] |
| Defendants. | |

The government filed a motion for a protective order noticed for August 2, 2012 so that it can disclose the administrative record to Plaintiff. *See* ECF No. 29. Marsh does not oppose the protective order. *See* Plaintiff's Request for an Extension, ECF No. 34 at 2. Accordingly, the court approves it, and it will be filed simultaneously with this order.

Then there is the issue of how this affects the briefing. Plaintiff filed a summary judgment motion without the administrative record. Also, even though a joint statement of undisputed facts may be short given that this case is operating within the universe of an administrative record, the parties have not filed one yet (though apparently they are working on it). The administrative record also is over 700 pages. Plaintiff asks for an extension of time to re-work the filings to include the record cites, and the government does not oppose that. *Id.*; Defendant's Statement of Non-Opposition, ECF No. 37. Plaintiff asks for 8 days after he gets the administrative record but also may be asking for a few days more. *See* ECF No. 34. Apparently none of this will alter the government's filings, which have already been filed and which cite the administrative record

C 11-03734
ORDER

(because the government has it).

The government should express mail the administrative record to Plaintiff immediately. That means that Plaintiff should have the record no later than Friday, July 13, 2012. The court sets forth the current filing schedule and the revised schedule to accommodate the time needed to update the record cites (based on a receipt date of July 13 plus a few days extra). Plaintiff may not resubmit any declarations under this revised schedule. Plaintiff also must submit an entirely new brief to replace the brief filed in the clerk's record at ECF No. 21 and may only change record cites and not content. Plaintiff may not cross reference or cite in any way the earlier brief. That means that the only document that should change in the record right now is the brief filed at ECF No. 21. Also, any statement of undisputed facts should be filed by July 19, 2012.

| Date Filed | Plaintiff's Summary Judgment Motion | Government's Motion |
|---|---|---|
| Filing Date | original: 6/4/12<br>revised: 7/24/12 | original: 7/2/12<br>revised: N/a |
| Opposition Filing Date | original: 7/2/12<br>revised: N/a | original: 7/16/12<br>revised: 7/24/12 |
| Optional Reply | original: 7/9 (but nothing filed)<br>revised: 7/24 | optional reply: 7/30/12 (new date)<br>revised: N/a |

The court is a little concerned that this schedule is ambitious. If anything about this is not workable, the parties need to start over and reset the hearing date. They should meet and confer by phone no later than Monday, July 16 so that Plaintiff can be sure – after review of the record – that the time frame works. If it does not, they should pick another regularly-scheduled date on the court's motions schedule and submit the briefs on a schedule that complies with the local rules (e.g., motion may be filed no later than 35 days before the hearing). They should submit a stipulation with any revisions no later than Tuesday, July 17, 2012.

**IT IS SO ORDERED.**

Dated: July 11, 2012

_____
LAUREL BEELER
United States Magistrate Judge

C 11-03734
ORDER 2